UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SHANNON LEE MEINDERS, | ) | CASE NO. 1:07 CV 3815 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CHRISTIE ANN HIPP, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

On December 14, 2007, pro se plaintiff Shannon Lee Meinders filed this action against his child's mother, Christie Ann Hipp. In the complaint, plaintiff asserts that Ms. Hipp committed the torts of harassment, intentional infliction of emotional distress and defamation. He seeks monetary damages. Mr. Meinders also filed an Application to Proceed In Forma Pauperis. That Application is granted.

**Background**

Mr. Meinders states that he is a resident of the State of Minnesota. He indicates that the last address he has for Christie Hipp is in Morrow County, Ohio. He claims that Ms. Hipp requested a civil protection order against him on January 17, 2000. The court granted her request on March 23, 2000. A hearing on the custody of their daughter was held on May 7, 2000. Mr.

Meinders claims that when he arrived for the hearing, Ms. Hipp had him arrested for violating the protection order. He contends he spent a month in jail "for an order that was dismissed and should have never been filed." (Compl. at 1.) He states that Domestic Relations Court Judge Ron Spon dismissed the protection order on June 1, 2000 finding that Ms. Hipp had interfered with custody.

Mr. Meinders claims that in November 2000, Ms. Hipp filed criminal charges against him for auto theft, robbery, and assault. He indicates that the charges were dismissed in June and September 2001. He contends he spent nine months in jail before the charges were resolved. He claims that in May 2001, Ms. Hipp moved from the State of Ohio in violation of a court order. He states that she informed him that she intended to deprive him of custody and visitation with their daughter. He asserts that Ms. Hipp's conduct is tantamount to harassment, and that she is liable to him for intentional infliction of emotional distress and defamation. He requests an award of compensatory and punitive damages.

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

As an initial matter, Mr. Meinders has not set forth a basis for federal jurisdiction in this case. The causes of action presented in the complaint concern state tort law and state domestic relations law. None of the claims arise under a law of the United States, and therefore federal question subject matter jurisdiction is not present. Furthermore, there is no indication that the action can be supported by diversity jurisdiction. A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction. Fed.R.Civ.P. 8. In a diversity action, "the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed." Washington v. Sulzer Orthopedics, Inc., No. 03-3350, 2003 WL 22146143, at *1 (6th Cir. Sept. 16, 2003)(quoting Chemical Leaman Tank Lines, Inc. v. Aetna Cas. and Sur. Co., 177 F.3d 210, 222 n. 13 (3d Cir.1999)). Mr. Meinders had not alleged facts to confirm that complete diversity exists in this case. He alleges that at one time, Ms. Hipp maintained a residence in the State of Ohio. He also alleges that she moved away from Ohio seven years ago. Stating that the defendant is not domiciled in the State of Ohio is insufficient to establish diversity jurisdiction in this state.

Moreover, even if Mr. Meinders had set forth a basis for federal jurisdiction, this action would be dismissed. The statute of limitations period for bringing a defamation claim or an intentional tort claim in Ohio is one year after the cause of action accrues. OHIO REV. CODE § 2305.11. The statute of limitations period for other personal injury torts is two years. OHIO REV. CODE § 2305.10. Mr. Meinders's last contact with Ms. Hipp was in May 2001. Most of the incidents described by Mr. Meinders occurred in 2000. Both of these dates are well beyond the one

or two year statute of limitations period permitted for these causes of action. There would be no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred. See, Fraley v. Ohio Gallia County, No. 97-3564, 1998 WL 789385, at *1 (6th Cir., Oct. 30, 1998), (affirming sua sponte dismissal of pro se section 1983 action filed after two year statute of limitations for bringing such an action had expired); see also, Ashiegbu v. Kim, No. 97-3303, 1998 WL 211796 (6th Cir. Apr. 24, 1998)(section 1915(e) sua sponte dismissal is appropriate where claim is barred by statute of limitations).

## Conclusion

Accordingly, plaintiff's Application to Proceed In Forma Pauperis is granted and this action is dismissed pursuant to §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith**.**

IT IS SO ORDERED.

S/Peter C. Economus - 2/8/08
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE